Case 4:16-cv-02740 Document 13 Filed in TXSD on 02/06/17 Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
February 06, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN PHILLIP BENDER | § | |
|     *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-CV-02740 |
| | § | |
| LORIE DAVIS, DIRECTOR, | § | |
| Texas Department of Criminal | § | |
| Justice - Correctional Institutions | § | |
| Division, | § | |
|     *Respondent*. | § | |

**MEMORANDUM AND RECOMMENDATION**

Petitioner John Phillip Bender, a Texas state inmate, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction of aggregated theft and aggregated misapplication of fiduciary property ( Dkt. 1), and a Federal Rule of Civil Procedure 60(b) motion to set aside both state judgments (Dkt. 8). Both motions were referred to this magistrate for report and recommendation by District Judge Lynn N. Hughes (Dkt. 4). After reviewing the record and briefing, the Court recommends that the petition be dismissed with prejudice as time-barred and the Rule 60(b) motion be denied.

**Background**

Bender, an attorney, was convicted in 2009 on charges of aggregated theft and aggregated misapplication of fiduciary property. Dkt. 1 at 3. He is currently serving two concurrent 20-year prison terms for these offenses. Bender's convictions were affirmed on direct appeal by the Third Court of Appeals on April 29, 2011. The convictions became final on January 22, 2013, when the U.S. Supreme Court denied his petition for writ of certiorari. Dkt. 1 at 3.

In November 2015, Bender filed two state habeas petitions, challenging each of the state convictions. Dkt. 1 at 4. The Texas Court of Criminal Appeals (TCCA) denied both petitions without hearing on August 10, 2016. On September 8, 2016, Bender filed this federal habeas petition. Dkt. 1.

Bender asserts roughly eighteen grounds upon which relief should be granted. In summary, Bender argues that (1) there is insufficient evidence to support the convictions; (2) the jury findings are inconsistent with the evidence presented; (3) he is, essentially, in debtor's prison; and (4) his constitutional right to due process has been violated.

## Analysis

Bender's petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, a habeas petition filed by a person in state custody is subject to a one-year period of limitations which runs from the latest of:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

The grounds asserted do not trigger any of the conditions set forth in (B) through (D). Thus, the one-year period began to run when the judgment became final --- in this case, January 22, 2013, when Bender's petition for writ of certiorari to the United States Supreme Court was denied. Therefore, the one-year limitation for filing a federal writ expired on January 22, 2014, more than two years before Bender filed this petition with the Court.

However, the AEDPA permits statutory tolling of the limitation period. Section 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Because Bender's state habeas applications were filed in November 2015, more than a year after the limitation period had expired, they had no tolling effect.

Bender argues that the limitation should also be tolled based on collateral proceedings he filed to challenge the suspension of his law license and ultimate disbarment by the Board of Disciplinary Appeals (BODA) of the State Bar of Texas. Based on Bender's conviction for aggregated theft, the BODA on January 10, 2010 had issued an interlocutory order suspending Bender's license to practice law pending the direct appeal of his convictions. After the convictions were affirmed on appeal, the BODA issued a final judgment of disbarment on April 29, 2013. Bender appealed that decision to the Supreme Court of Texas on grounds that the underlying conviction was invalid. Bender's disbarment was affirmed by that court on May 16, 2014. Bender argues that the time spent in proceedings to challenge his license suspension and disbarment

should qualify as "other collateral review" for purposes of tolling under Section 2242(d)(2) of AEDPA.

"Collateral review" is not defined in AEDPA. The Supreme Court defines "collateral review" as a "judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." *Wall v. Kholi*, 562 U.S. 545, 553 (2011). In applying this definition of "collateral review", we must consider the jurisdiction of the court and the type of review sought. *See id.* at 554. In a compulsory discipline action, "the record of conviction… is conclusive evidence of the attorney's guilt." TEX. R. DISCIPLINARY P. 8.02. BODA may only consider if the underlying crime is an intentional crime and if compulsory discipline was proper.

The Supreme Court of Texas, in hearing BODA appeals, is not permitted "to consider any underlying facts or mitigating circumstances in a compulsory discipline proceeding." *In re Lock*, 54 S.W. 3d 305, 309-10 (Tex. 2001). The Supreme Court only considers the elements of the crime and whether compulsory discipline was appropriate, not the validity of the underlying conviction. *See id.* at 310-11. Since challenging Bender's disbarment with BODA and the Supreme Court of Texas has no bearing on the criminal conviction, it cannot be considered "collateral review" and does not toll the one-year limitation. Therefore, the petition for writ of habeas corpus should be denied as time-barred.

## Conclusion

For these reasons, the Court recommends that Bender's petition be denied with prejudice. All remaining motions should be terminated as moot.[1] The Court further finds that Bender has not shown that it is debatable whether this Court is correct in its ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the Court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this memorandum and recommendation to file written objections. Failure to timely object will preclude appellate review of factual findings or legal conclusions, except plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas, on February 6, 2017.

Stephen Wm Smith
United States Magistrate Judge

---

[1] On October 19, 2016, Bender filed a motion styled as a Rule 60(b) motion (Dkt. 8), asserting that prosecutorial misconduct at trial constituted "fraud on the court" which empowers this Court to set aside the state court judgments *sua sponte* under Rule 60(d)(3). But Rule 60(b) only authorizes relief from prior rulings of the federal district court, not state court. *See Gonzalez v. Cosby,* 545 U.S. 524, 532-33 (2005); *Balentine v. Thaler,* 626 F.3d 842, 847 (5th Cir. 2010).